**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DENISE GUERRERO,

                                        Plaintiff,

                                                                        1:24-CV-1344
            v.                                                          (MAD/DJS)

ALBANY MED HEALTH SYSTEM,

                                        Defendant.


**APPEARANCES:**                                **OF COUNSEL:**

DENISE GUERRERO
Plaintiff, *Pro Se*
East Nassau, NY 12062

BOND, SCHOENECK & KING, PLLC          ROBERT F. MANFREDO, ESQ.
Attorneys for Defendant               NATALIE C. VOGEL, ESQ.
22 Corporate Woods Blvd., Suite 501
Albany, NY 12211

**DANIEL J. STEWART**
**United States Magistrate Judge**

### MEMORANDUM-DECISION and ORDER

Presently before the Court is a Motion to Compel Discovery (the "Motion") made by *pro se* Plaintiff Denise Guerrero ("Plaintiff"). Dkt. Nos. 61 & 68. Defendant Albany Med Health System ("Defendant") opposes the Motion. Dkt. No. 66. On April 22, 2026, the Court held a discovery hearing with the parties to discuss the issues raised in the Motion. Dkt. No. 64. For the reasons set forth during the hearing, Plaintiff's Motion is **DENIED**. A summary of the holdings made by the Court is as follows.

- 1 -

On November 5, 2024, Plaintiff commenced this action against her former employer alleging, among other things, violations of the Americans with Disabilities Act of 1990 (the "ADA").  Dkt. No. 1.  At Plaintiff's request and with the District Court's permission, Dkt. Nos. 16-17 & 20-21, Plaintiff filed an Amended Complaint on February 10, 2025, Dkt. No. 19, and a Second Amended Complaint on February 25, 2025.  Dkt. No. 25.  Pursuant to the District Court's decision on Defendant's Motion to Dismiss the Second Amended Complaint, the only remaining claim is Plaintiff's ADA retaliation claim relating to Plaintiff's request for an accommodation.  Dkt. No. 37.  The District Court expressly dismissed, among other causes of action, Plaintiff's ADA claim for failure to accommodate, *id.* at pp. 13-16, as well as her ADA retaliation claim relating to Plaintiff's complaint that Margaret Warner ("Warner")[1] yelled at Plaintiff and behaved aggressively on multiple occasions.  *Id.* at pp. 23-24.  This Court later denied Plaintiff's Motion for Leave to Amend the Second Amended Complaint and to File a Third Amended Complaint and, in doing so, explained that it would be futile to allow Plaintiff to revive claims dismissed by the District Court relating to conduct by Warner and to add Warner as a Defendant to this action.  Dkt. No. 65 at pp. 5-8.

At issue here are Defendant's responses to four discovery demands made by Plaintiff—namely, Interrogatory No. 5 and Requests for Production Nos. 3, 5, and 9.  *See generally* Dkt. Nos. 61, 66, & 68.  Interrogatory No. 5 seeks comparator information

---

[1] Plaintiff refers to her supervisor as "Margaret Warner."  *See*, *e.g.*, Dkt. No. 25 at p. 2; Dkt. No. 61 at p. 3.  In Defendant's opposition papers, Defendant states that Margaret's last name has now changed from "Warner" to "Millington."  *See* Dkt. No. 66 at pp. 5-6.  For purposes of this Motion, and consistent with its past decisions, the Court will refer to said individual as "Warner" herein.

regarding the manner in which Defendant addressed other employees' accommodation requests. Dkt. No. 66-2 at p. 2. Request for Production No. 3 seeks documentation regarding the manner in which Defendant handled and processed Plaintiff's accommodation request. *Id.* at p. 4. Request for Production No. 5 seeks complaints filed related to Warner. *Id.* Finally, Request for Production No. 9 seeks Defendant's training materials regarding ADA compliance. *Id.* at p. 5.

Interrogatory No. 5 and Requests for Production Nos. 5 and 9 seek information that has no bearing on and is "not relevant to the surviving claim" in this case, *Deng v. New York State Off. of Mental Health*, 2015 WL 9450845, at *2 (S.D.N.Y. Dec. 23, 2015), which is for retaliation based on Plaintiff's request for an accommodation. *See supra* at p. 2. Instead, these demands seek the production of information that would only be relevant, if at all, to Plaintiff's prior claims for failure to accommodate and for retaliation based on the human resources complaint that Plaintiff made against Warner, both of which the District Court "already dismissed as a matter of law." *Deng v. New York State Off. of Mental Health*, 2015 WL 9450845, at *2; *see supra* at p. 2. Consequently, they are not the proper subject for discovery in this case. *Jackson v. Bank of Am., N.A.*, 2018 WL 3386336, at *3 (W.D.N.Y. July 12, 2018) (finding "improper" plaintiff's "mo[tion] to compel discovery relevant only to claims which are not before the [c]ourt . . . because they were already dismissed").

Insofar as Plaintiff argues that any of these demands were made to determine what process Defendant has for handling accommodation requests, Defendant provided

Plaintiff with a copy of Defendant's policy for handling accommodation requests, Dkt. No. 66 at p. 10 (citing Dkt. No. 66-9), and the Court finds that to be sufficient at this time.

As for Request for Production No. 3, Plaintiff asserts that an "inconsistency" exists because "Defendant initially represented that no additional responsive documents exist," but "within the same correspondence . . . indicated [Defendant] would conduct an additional search for responsive materials." Dkt. No. 61 at p. 2. Defendant responds that "Defendant produced documents it located that were responsive to this demand," repeatedly conducted additional searches in response to Plaintiff's renewed requests and advised Plaintiff that "[n]o further responsive documents were identified," and "provided Plaintiff with all requested information" when "Plaintiff . . . sought further clarification on several items." Dkt. No. 66 at pp. 5-6.

The Court will not order "a party to produce that which does not exist," particularly where, as here, Plaintiff has not provided any "evidence of [D]efendant withholding . . . relevant documents it possesses" in response to Request for Production No. 3. *OnActuate Consulting, Inc. v. Aeon Nexus Corp.*, 2023 WL 5097912, at *8 (N.D.N.Y. Aug. 9, 2023) (quotation, internal quotation marks, and citations omitted). Nonetheless, on or before May 6, 2026, Defendant is directed to provide further information to Plaintiff, by email or other written form, regarding the steps taken by Defendant to search for documents responsive to Request for Production No. 3, including the custodians and locations searched. *See*, *e.g.*, *Tromblee v. New York*, 2022 WL 2818222, at *16 (N.D.N.Y. July 19, 2022); *Robert F. Kennedy Hum. Rts. v. U.S. Immigr. & Customs Enf't*, 2023 WL 3075955, at *2 (W.D.N.Y. Apr. 25, 2023). The Court also

- 4 -

reminds the parties of their continuing obligation, pursuant to Federal Rule of Civil Procedure 26(e)(1)(A), to supplement their productions should responsive documents be located at a later time.

As a final matter, the Court grants the parties' request to extend the discovery deadline from June 15, 2026, to October 30, 2026 and the dispositive motion deadline is extended to December 30, 2026.

**ACCORDINGLY**, for the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's Motion to Compel Discovery (Dkt. No. 61) is **DENIED** as set forth above; and it is further

**ORDERED**, that the parties' request to extend the discovery deadline is **GRANTED**, and that deadline is now set for October 30, 2026; and it is further

**ORDERED**, that Plaintiff's letter request (Dkt. No 62) is **DENIED as moot**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order upon the parties to this action.

Dated:    April 27, 2026
          Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

- 5 -